1  EILEEN R. RIDLEY, CA Bar No. 151735
      eridley@foley.com
2  NICHOLAS P. HONKAMP, CA Bar No. 261299
      nhonkamp@foley.com
3  **FOLEY & LARDNER LLP**
   555 CALIFORNIA STREET. SUITE 1700
4  SAN FRANCISCO, CA 94104-1520
   TELEPHONE: 415.434.4484
5  FACSIMILE:  415.434.4507

6  KIMBERLY A. KLINSPORT, CA Bar No. 259018
      kklinsport@foley.com
7  **FOLEY & LARDNER LLP**
   555 SOUTH FLOWER STREET. SUITE 3500
8  LOS ANGELES, CA 90071-2411
   TELEPHONE: 213.972.4500
9  FACSIMILE:  213.486.0065

10 Attorneys for Defendant,
   ARCH INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTURION REAL ESTATE PARTNERS, LLC; CENTURION REAL ESTATE INVESTORS IV, LLC; MISSION PLACE, LLC; AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY; ZURICH AMERICAN INSURANCE COMPANY; WESTCHESTER SURPLUS LINES INSURANCE COMPANY,<br><br>                    Plaintiff,<br><br>     vs.<br><br>ARCH INSURANCE COMPANY,<br><br>                    Defendant. | Case No. 3:16-CV-00218-vc<br><br>**APPENDIX OF EVIDENCE #1 RE: ARCH POLICY LANGUAGE IN SUPPORT OF DEFENDANT ARCH INSURANCE COMPANY'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>Date: February 9, 2017<br>Time: 10:00 a.m.<br>Dept: Courtroom 4, 17th Floor<br>Judge: Hon. Vince Chhabria |

Defendant Arch Insurance Company ("Arch") respectfully submits the following Appendix of Evidence #1 Regarding Arch's Policy Language in Support of its Cross-Motion for Summary Judgment:

| 2006-07 & 2007-08 Arch Policy Language | 2008-09 & 2009-10 Arch Policy Language |
|---|---|
| 1. Front page of policy:<br>"NOTICE: THIS IS A CLAIMS MADE AND REPORTED POLICY. EXCEPT AS MAY BE OTHERWISE PROVIDED HEREIN, THIS POLICY IS LIMITED TO LIABILITY FOR WRONGFUL ACTS FOR WHICH CLAIMS ARE FIRST MADE WHILE THE POLICY IS IN FORCE AND WHICH ARE REPORTED TO THE INSURER NO LATER THAN SIXTY (60) DAYS AFTER THE TERMINATION OF THE POLICY."<br>(Moen Decl., Ex. 5 at ARCH0002433 & Ex. 6 at ARCH0001985.) | 1. Front page of policy:<br>"EXCEPT AS OTHERWISE PROVIDED, THE LIABILITY COVERAGE PARTS OF THIS POLICY APPLY ONLY TO CLAIMS FIRST MADE AGAINST THE INSUREDS DURING THE POLICY PERIOD AND REPORTED TO THE INSURER NO LATER THAN SIXTY (60) DAYS AFTER THE END OF THE POLICY PERIOD."<br>(Moen Decl., Ex. 7 at ARCH0002129 & Ex. 8 at ARCH0001820.) |

| 2006-07 & 2007-08 Arch Policy Language | 2008-09 & 2009-10 Arch Policy Language |
|---|---|
| 2. SECTION I, COVERAGE C: PRIVATE COMPANY LIABILITY:<br>"The **Insurer** will pay on behalf of the **Private Company** a **Loss** for which the **Private Company** shall become legally obligated to pay as a result of a **Claim** first made during the **Policy Period** or Discovery Period, if applicable, against the **Private Company** for a **Wrongful Act** which takes place during or prior to the **Policy Period**."<br>(Moen Decl., Ex. 5 at ARCH0002436 & Ex. 6 at ARCH0001988.) | 2. **1. INSURING AGREEMENTS:**<br>"**C. Organization Liability**<br>The **Insurer** shall pay **Loss** on behalf of an **Insured Organization** resulting from a **Claim** first made against such **Insured Organization** during the **Policy Period** or Extended Reporting Period, if applicable, for a **Wrongful Act** by an **Insured Organization**."<br>(Moen Decl., Ex. 7 at ARCH0002146 & Ex. 8 at ARCH0001837.) |

| 2006-07 & 2007-08 Arch Policy Language | 2008-09 & 2009-10 Arch Policy Language |
|---|---|
| 3. SECTION II, DEFINITIONS, (c):<br>" '**Claim**' means:<br>  (1)  a written demand against an **Insured** for monetary, non-monetary or injunctive relief; or<br>  (2)  a civil or arbitration proceeding against an **Insured** for monetary, non-monetary or injunctive relief which is commenced by:<br>    (i)  service of a complaint or similar pleading; or<br>    (ii)  receipt or filing of notice of charges; or<br>  (3)  a formal administrative or regulatory adjudicatory or investigative proceeding against any **Insured Person** or, with respect to any **Wrongful Act** described in the definition of **Employment Claim**, against the **Private Company** commenced by the filing of a notice of charge, formal investigative order or similar document, including without limitation any proceeding by the Equal Employment Opportunity Commission or other similar governmental authority;<br>including without limitation an **Employment Claim**; provided **Claim** shall not include any labor or grievance arbitration or other proceeding pursuant to a collective bargaining agreement."<br>(Moen Decl., Ex. 5 at ARCH0002437 & Ex. 6 at ARCH0001989.) | 3. 2. DEFINITIONS, A.:<br>" '**Claim**' means any:<br>  1.  written demand for monetary or non-monetary relief commenced by the **Insured's** receipt of such demand;<br>  2.  civil proceeding commenced by the service upon the **Insured** of a complaint or similar pleading;<br>  3.  criminal proceeding commenced by the return of an indictment, information or similar pleading;<br>  4.  formal administrative or regulatory proceeding of an **Insured Person** commenced by the filing of a notice of charges or similar document;<br>  5.  formal administrative or regulatory investigation of an **Insured Person** commenced by the service upon or other receipt by such **Insured Person** of a written notice from an investigating authority specifically identifying such **Insured Person** as a target against whom a formal proceeding may be commenced;<br>  6.  written request to an **Insured** to toll or waive a statute of limitations regarding a potential **Claim** as described above, commenced by the **Insured's** receipt of such request; …"<br>(Moen Decl., Ex. 7 at ARCH0002146-47 & Ex. 8 at ARCH0001837-38.) |

| 2006-07 & 2007-08 Arch Policy Language | 2008-09 & 2009-10 Arch Policy Language |
|---|---|
| 4. SECTION II, DEFINITIONS, (j):<br>" '**Interrelated Wrongful Acts**' means **Wrongful Acts** that have as a common nexus any fact, circumstance, situation, event, transaction, cause or series of causally connected facts, circumstances, situations, events, transactions or causes."<br>(Moen Decl., Ex. 5 at ARCH0002438 & Ex. 6 at ARCH0001990.) | 4. GENERAL PROVISIONS, 2. DEFINITIONS:<br>" N. "**Interrelated Wrongful Acts**" means **Wrongful Acts** that have as a common nexus any fact, circumstance, situation, event, transaction, cause or series of casually connected facts, circumstances, situations, events, transactions or causes."<br>(Moen Decl., Ex. 7 at ARCH0002136 & Ex. 8 at ARCH0001827.) |
| 5. SECTION II, DEFINITIONS, (k):<br>" '**Loss**' means damages, judgments(including pre/post-judgment interest on a covered judgment), settlements and **Defense Costs** for which the **Insureds** become legally obligated to pay; however, **Loss** shall not include … (viii) matters which may be deemed uninsurable under the law pursuant to which this Policy shall be construed."<br>(Moen Decl., 5 at ARCH0002438 & Ex. 6 at ARCH0001990.) | 5. 2. DEFINITIONS, I.:<br>" '**Loss**' means the amount that the **Insureds** are legally obligated to pay resulting from a **Claim**, including, without limitation, damages, settlements, judgments, pre- and post-judgment interest, **Defense Costs**, and **Investigation Costs**.<br>…<br>**Loss** shall exclude any:<br>…<br>3. matters that are uninsurable under the law pursuant to which this Policy shall be construed; …"<br>(Moen Decl., Ex. 7 at ARCH0002148 & Ex. 8 at ARCH0001839.) |

| 2006-07 & 2007-08 Arch Policy Language | 2008-09 & 2009-10 Arch Policy Language |
|---|---|
| 6. SECTION IV, EXCLUSIONS:<br><br>"1. The **Insurer** shall not be liable under any Coverages to make any payment for **Loss** as a result of a **Claim** made against an **Insured**:<br><br>    (c) alleging, arising out of, based upon or attributable to:<br><br>        (1) any **Wrongful Act** or any matter, fact, circumstance, situation, transaction, or event which has been the subject of any notice given under any prior policy of which this Policy is a direct or indirect renewal or replacement; or<br><br>        (2) any **Wrongful Act** whenever occurring, which, together with a **Wrongful Act** described in (1) above, constitute **Interrelated Wrongful Acts**;"<br><br>(Moen Decl., Ex. 5 at ARCH0002440-41 & Ex. 6 at ARCH0001992-93.) | 6. 4. EXCLUSIONS:<br><br>"A. The **Insurer** shall not pay **Loss** for any **Claim** against an **Insured**:<br><br>    1. arising from, based upon, or attributable to any fact, circumstance or situation that, before the inception date of this Policy, was the subject of any notice given under any other insurance policy;<br><br>(Moen Decl., Ex. 7 at ARCH0002149 & Ex. 8 at ARCH0001840.) |

| 2006-07 & 2007-08 Arch Policy Language | 2008-09 & 2009-10 Arch Policy Language |
|---|---|
| 7. SECTION IV, EXCLUSIONS:<br>"1. The **Insurer** shall not be liable under any Coverages to make any payment for **Loss** as a result of a **Claim** made against an **Insured**:<br>(d) alleging, arising out of, based upon or attributable to:<br>(1) any demand, suit proceeding or formal investigation pending on or prior to the date stated in Item 5 of the Declarations; or<br>(2) any **Wrongful Act** alleged in such pending or prior demand, suit, proceeding or formal investigation, or any **Wrongful Act** whenever occurring, which together with any **Wrongful Act** alleged in such pending or prior demand, suit, proceeding or formal investigation, constitute **Interrelated Wrongful Acts**;"<br>(Moen Decl., Ex. 5 at ARCH0002440-41 & Ex. 6 at ARCH0001992-93.) | 7. 4. EXCLUSIONS:<br>"A. The **Insurer** shall not pay **Loss** for any **Claim** against an **Insured**:<br>2. arising from, based upon, or attributable to any:<br>a. demand, suit, or proceeding made or initiated against any **Insured** on or prior to the applicable Pending and Prior Litigation Date in Item 6 of the Declarations; or<br>b. **Wrongful Act** specified in such prior demand, suit or proceeding or any **Interrelated Wrongful Acts** thereto;"<br>(Moen Decl., Ex. 7 at ARCH0002149 & Ex. 8 at ARCH0001840.) |

| **2006-07 & 2007-08 Arch Policy Language** | **2008-09 & 2009-10 Arch Policy Language** |
|---|---|
| 8. SECTION IV, EXCLUSIONS:<br><br>"1. The **Insurer** shall not be liable under any Coverages to make any payment for **Loss** as a result of a **Claim** made against an **Insured**:<br><br>(g) for bodily injury, sickness, disease or death of any person, or for damage to or destruction of any tangible property including loss of use thereof;"<br><br>(Moen Decl., Ex. 5 at ARCH0002440-42 & Ex. 6 at ARCH0001992-94.) | 8. 4. EXCLUSIONS:<br><br>"A. The **Insurer** shall not pay **Loss** for any **Claim** against an **Insured**:<br><br>3. for bodily injury, sickness, disease, emotional distress, mental anguish, or death of any person, or damage to or destruction of any tangible property, including loss of use thereof;"<br><br>(Moen Decl., Ex. 7 at ARCH0002149 & Ex. 8 at ARCH0001840.) |

| 2006-07 & 2007-08 Arch Policy Language | 2008-09 & 2009-10 Arch Policy Language |
|---|---|
| 9. SECTION IV, EXCLUSIONS:<br>"1. The **Insurer** shall not be liable under any Coverages to make any payment for **Loss** as a result of a **Claim** made against an **Insured**:<br>   (i) alleging, arising out of, based upon or attributable to:<br>     (1) any actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants at any time; or<br>     (2) any request, demand or order to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of pollutants,<br>including but not limited to such a **Claim** alleging damage to the **Private Company** or its security holders; provided, however, this exclusion shall not apply to any **Employment Claim**.<br>'Pollutants' include, but are not limited to, any solid, liquid, gaseous, biological, radiological or thermal irritant or contaminant, including without limitation smoke, vapor, soot, fumes, acids, alkalies [sic], chemicals, mold, fungi, odors, noise, lead, oil or oil products, radiation, asbestos or asbestos-containing products, waste and any electric, magnetic or electromagnetic field of any frequency. …"<br>(Moen Decl., Ex. XX at 5 at ARCH0002440-42 & Ex. 6 at ARCH0001992-94.) | 9. 4. EXCLUSIONS:<br>"A. The **Insurer** shall not pay **Loss** for any **Claim** against an **Insured**:<br>   4. arising from, based upon, or attributable to any:<br>     a. discharge, dispersal, release, escape, seepage, migration or disposal of Pollutants, nuclear material or nuclear waste or any threat of such discharge, dispersal, release, escape, seepage, migration or disposal; or<br>     b. direction, request or voluntary decision to test for, abate, monitor, clean up, remove, contain, treat, detoxify or neutralize Pollutants, nuclear material or nuclear waste,<br>provided that this exclusion shall not apply to any Non-Indemnifiable Loss or any Derivative Demand otherwise covered under Insuring Agreement D."<br>(Moen Decl., 7 at ARCH0002149 & Ex. 8 at ARCH0001840.)<br><br>[Note: The definition of "Pollutants" is identical to the 2006-07 & 2007-08 Arch Policies, but is found at "GENERAL PROVISIONS, 2. DEFINITIONS, T."] |

| 2006-07 & 2007-08 Arch Policy Language | 2008-09 & 2009-10 Arch Policy Language |
|---|---|
| 10. SECTION IV, EXCLUSIONS:<br><br>"2. The **Insurer** shall not be liable under Coverage C to make any payment for **Loss** as a result of a **Claim** made against a **Private Company**:<br><br>(a) for any actual or alleged obligation under or breach of any oral or written contract or agreement, including any liability of others assumed by the **Private Company** under any such contract or agreement; provided, however, this exclusion shall not apply (i) to an actual or alleged breach of an implied contract in an **Employment Claim**, or (ii) to the extent the **Private Company** would have been liable for such **Loss** in the absence of such contract or agreement;"<br>(Moen Decl., Ex. 5 at ARCH0002442-43 & Ex. 6 at ARCH0001994-95.) | 10. 4. EXCLUSIONS:<br><br>"B. The **Insurer** shall not pay **Loss** for any **Claim** against an **Insured Organization**:<br><br>1. arising from, based upon, or attributable to any liability under any contract or agreement, provided that this exclusion shall not apply to the extent that liability would have been incurred in the absence of such contract or agreement;"<br>(Moen Decl., 7 at ARCH0002151 & Ex. 8 at ARCH0001842.) |

| 2006-07 & 2007-08 Arch Policy Language | 2008-09 & 2009-10 Arch Policy Language |
|---|---|
| 11. SECTION IV, EXCLUSIONS:<br>"2. The **Insurer** shall not be liable under Coverage C to make any payment for **Loss** as a result of a **Claim** made against a **Private Company**:<br>(f) brought or maintained by or on behalf of a customer or client of the **Private Company** in connection with the actual or alleged rendering or failure to render any service to or for the benefit of such customer or client;"<br>(Moen Decl., Ex. 5 at ARCH0002442-43 & Ex. 6 at ARCH0001994-95.) | 11. 4. EXCLUSIONS:<br>"B. The **Insurer** shall not pay **Loss** for any **Claim** against an **Insured Organization**:<br>3. arising from, based upon, or attributable to the rendering of, or failure to render, any professional services for others, including, without limitation, services performed by the Insureds for or on behalf of a customer or client;"<br>(Moen Decl., Ex. 7 at ARCH0002151 & Ex. 8 at ARCH0001842.) |
| 12. SECTION IV, EXCLUSIONS:<br>"2. The **Insurer** shall not be liable under Coverage C to make any payment for **Loss** as a result of a **Claim** made against a **Private Company**:<br>(g) alleging, arising out of, based upon, or attributable to any actual or alleged violation of any statutory, regulatory or common law involving price fixing, restraint of trade, monopolization, unfair trade practices, anti-trust, price discrimination, predatory pricing, business competition or tortious interference in another's business or contractual relationships;"<br>(Moen Decl., Ex. 5 at ARCH0002442-43 & Ex. 6 at ARCH0001994-95.) | 12. 4. EXCLUSIONS:<br>"B. The **Insurer** shall not pay **Loss** for any **Claim** against an **Insured Organization**:<br>6. arising from, based upon, or attributable to price fixing, restraint of trade, monopolization, unfair trade practices or any violation of the Federal Trade Commission Act, Sherman Anti-Trust Act, Clayton Act, or any similar law regulating anti-trust, monopoly, price fixing, price discrimination, predatory pricing or restraint of trade activities;"<br>(Moen Decl., Ex. 7 at ARCH0002151 & Ex. 8 at ARCH0001842) |

| 2006-07 & 2007-08 Arch Policy Language | 2008-09 & 2009-10 Arch Policy Language |
|---|---|
| 13. SECTION V, LIMIT OF LIABILITY – (FOR ALL LOSS, INCLUDING DEFENSE COSTS).:<br><br>"The Limit of Liability stated in Item 3 of the Declarations is the aggregate limit of the **Insurer's** liability for all **Loss** under all Coverages combined, as a result of all **Claims** first made against the Insureds during the **Policy Period** and the Discovery Period (if applicable) and reported in writing to the **Insurer** pursuant to Section X. The Limit of Liability for the Discovery Period shall be part of, and not in addition to, the Limit of Liability for the **Policy Period**.<br>The **Insurer** shall not pay **Defense Costs** in addition to the Limit of Liability. **Defense Costs** are a part of **Loss** and as such are subject to and reduce the Limit of Liability.<br>All **Claims** arising out of the same **Wrongful Act** and all **Interrelated Wrongful Acts** shall be deemed to be one **Claim** for purposes of this Policy, and such **Claim** shall be deemed to be first made on the date the earliest of such **Claims** is first made against an **Insured**, regardless of whether such date is before or during the **Policy Period**."<br>(Moen Decl., Ex. 5 at ARCH0002443-44 & Ex. 6 at ARCH0001995-96.) | 13. GENERAL PROVISIONS, 10. INTERRELATED CLAIMS:<br><br>"Regarding the Liability Coverage Parts only, all **Claims** arising from, based upon, or attributable to the same **Wrongful Act** or **Interrelated Wrongful Acts** shall be deemed to be a single **Claim** first made on the earliest date that:<br><br>A. any of such **Claims** was first made, even if such date is before the **Policy Period**;<br><br>B. proper notice of such **Wrongful Act** or **Interrelated Wrongful Act** was given to the Insurer pursuant to Section 9.B. above; or<br><br>C. notice of such **Wrongful Act** or **Interrelated Wrongful Act** was given under any prior insurance policy."<br>(Moen Decl., Ex. 7 at ARCH0002140-41 & Ex. 8 at ARCH0001831.) |

| 2006-07 & 2007-08 Arch Policy Language | 2008-09 & 2009-10 Arch Policy Language |
|---|---|
| 14. SECTION X, **DEFENSE COSTS** (INCLUDING THE ADVANCEMENT OF **DEFENSE COSTS**), SETTLEMENTS, JUDGMENTS AND ALLOCATION: "Except as hereinafter stated, the **Insurer** shall advance, at the written request of the **Insureds**, covered **Defense Costs** excess of the applicable Retention prior to the final disposition of a **Claim**. Such advancements by the **Insurer** shall be repaid to the **Insurer** by the **Insured Persons** or the **Private Company** severally according to their respective interests in the event and to the extent that it is subsequently determined that the **Insured Persons** or the **Private Company** are not entitled under terms and conditions of this Policy to payment of such **Defense Costs**. …" (Moen Decl., Ex. 5 at ARCH0002444-45 & Ex. 6 at ARCH0001997-98.) | Not Applicable |

DATED: December 22, 2016  **FOLEY & LARDNER LLP**
Eileen R. Ridley
Nicholas P. Honkamp
Kimberly A. Klinsport


/s/ Kimberly A. Klinsport
KIMBERLY A. KLINSPORT
Attorneys for Defendant,
ARCH INSURANCE COMPANY

# **CERTIFICATE OF SERVICE**

I hereby certify that on December 22, 2016, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to all counsel of record registered in the CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 22nd day of December, 2016 at Los Angeles, California.

/s/ Kimberly A. Klinsport
KIMBERLY A. KLINSPORT

CERTIFICATE OF SERVICE

Case No. 3:16-CV-00218-vc