UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTURION REAL ESTATE PARTNERS, LLC, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>ARCH INSURANCE COMPANY,<br><br>        Defendant. | Case No. 16-cv-00218-VC<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING WAIVER BY ARCH INSURANCE COMPANY** |

      At closing argument, following the presentation of evidence at the bench trial, when counsel for Arch was commenting on the failure by the insured plaintiffs to request reimbursement for defense costs or submit invoices before suing Arch for those costs, the Court suggested that this failure might, on its own, preclude recovery by the plaintiffs, particularly as it relates to defense costs incurred in the *Zucker* actions. However, the Court expressed concern that Arch had not made such an argument. The Court ordered the parties to address, in their revised proposed findings of fact to be submitted after the bench trial, whether Arch had waived any argument that the failure by the insured plaintiffs to request reimbursement and submit invoices before suing itself bars recovery of those defense costs.

      After reviewing the revised proposed findings of fact, as well as the parties' prior submissions in this case, the Court concludes that Arch has waived any argument that the failure by the insured plaintiffs to present a request for reimbursement before suing itself bars them from recovering defense costs. Although this argument could arguably fall within one or more of the generic, barebones affirmative defenses Arch included in its answer, Arch did not assert the argument at summary judgment, nor did it assert the argument in its trial brief or in its

proposed findings of fact submitted in advance of trial. *Cf. Soriano v. Countrywide Home Loans, Inc.*, No. 09-CV-02415-LHK, 2011 WL 2175603, at *3 (N.D. Cal. June 2, 2011) (explaining that a party's failure to make arguments at summary judgment does not constitute waiver so long as those arguments are teed up for trial, by, for example, being included in the trial brief).

Arch did argue in its trial brief that it never "consented" to cover defense costs, but at least in the context of the *Zucker* actions, that is not true as a factual matter: Arch told the plaintiffs that it would cover defense costs in the *Zucker* actions pursuant to the plaintiffs' insurance policies in an April 27, 2010 letter.[1] Arch would have had a strong argument that, even though it told the plaintiffs it would cover those costs, the plaintiffs failed to trigger the contractual obligation to pay them because they never actually sought reimbursement, and never submitted invoices that would have allowed Arch to discern whether the costs were reasonable, before filing suit. But Arch did not make that argument in this litigation, except in the proposed findings of fact it submitted following closing arguments, in response to the Court's questions. Arch certainly has made a lot of noise about this conduct by the insured plaintiffs, particularly as part of its argument that there could be no bad faith under the circumstances (an argument that this Court accepted as a matter of law). But Arch has never actually argued that this conduct itself bars recovery under the policy. Equitable as it would be to deny recovery outright, at least on the *Zucker* defense costs, based solely on the insured plaintiffs' inexplicable failure to request reimbursement and submitting invoices for those costs before suing, it would be procedurally unfair to do so under these circumstances.

---

[1] Specifically, Arch wrote in this letter that the *Zucker* plaintiffs' claim against Mission Place and the demand made by The Mark Company (Mission Place's co-defendant in the *Zucker* action) against Mission Place all constituted one claim – meaning Arch was willing to cover defense costs for The Mark Company (which was not named as an insured party in the policy) in the *Zucker* action. Ex. 32. Contrary to Arch's claim in its revised proposed findings of fact and conclusions of law, Arch's letter stands for the proposition that Mission Place itself was covered, even though at the time The Mark Company was incurring the defense costs. After all, Mission Place was named as an insured party in the very policy that Arch cited for providing coverage for The Mark Company's defense costs, and The Mark Company was not. Ex. 3.

The Court will issue separate findings of fact and conclusions of law on the issues that were properly teed up for the bench trial.

**IT IS SO ORDERED.**

Dated: August 15, 2018

VINCE CHHABRIA
United States District Judge