1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EILEEN R. RIDLEY, CA Bar No. 151735
   eridley@foley.com
NICHOLAS P. HONKAMP, CA Bar No. 261299
   nhonkamp@foley.com
ANTHONY J. DUTRA, CA Bar No. 277706
   adutra@foley.com
**FOLEY & LARDNER LLP**
555 CALIFORNIA STREET, SUITE 1700
SAN FRANCISCO, CA 94104-1520
TELEPHONE: 415.434.4484
FACSIMILE: 415.434.4507

KIMBERLY A. KLINSPORT, CA Bar No. 259018
   kklinsport@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3500
LOS ANGELES, CA 90071-2411
TEL: 213.972.4500  FAX: 213.486.0065

*Attorneys for Defendant ARCH INSURANCE COMPANY*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CENTURION REAL ESTATE PARTNERS, LLC; CENTURION REAL ESTATE INVESTORS IV, LLC; MISSION PLACE, LLC; AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY; ZURICH AMERICAN INSURANCE COMPANY; WESTCHESTER SURPLUS LINES INSURANCE COMPANY,<br><br>                  Plaintiffs,<br><br>    vs.<br><br>ARCH INSURANCE COMPANY,<br><br>                  Defendants. | Case No. 3:16-cv-00218-VC<br><br>**DEFENDANT ARCH INSURANCE COMPANY'S EXPLANATION OF COSTS AND INTEREST IN PROPOSED JUDGMENT**<br><br><br><br>JUDGE:   HON. VINCE G. CHHABRIA |

ARCH'S EXPLANATION RE: COSTS & INTEREST IN PROPOSED JUDGMENT
Case No. 3:16-cv-00218-VC

I.    **PLAINTIFFS ARE NOT ENTITLED TO PREJUDGMENT INTEREST**

California law controls whether Plaintiffs are entitled to recover prejudgment interest. *Mutuelles Unies v. Kroll & Lindsrom*, 957 F.2d 707, 714 (9th Cir. 1992). Under California law, a party is entitled to prejudgment interest from the time liability arose if the amount of damages were "certain, or capable of being made certain by calculation." Cal. Civ. Code § 3287.  Plaintiffs are not entitled to prejudgment interest because the amount of Arch's liability was unliquidated and was only determined by the Court's resolution of the disputed facts at trial.  *St. Paul Mercury Ins. Co. v. Mountain West Farm Bureau Mutual Ins. Co.*, 210 Cal. App. 4th 645, 665-6 (2012) (award of prejudgment interest reversed where trial court had to determine method of allocation amongst insurance companies and amount of contribution owed).

While the Court may, in its discretion, award prejudgment interest under California Civil Code Sections 3287(b) and 3288, the Court should decline to do so.  "The purpose of prejudgment interest is to compensate the plaintiff for loss of use of his or her property." *Segura v. McBride*, 5 Cal. App. 4th 1028, 1041 (1992). Here, however, Arch offered Plaintiffs $250,000 – more than double what they were entitled to – before Plaintiffs even initiated this lawsuit.  [Trial Ex. 374 at 138:13-25, 252:5-19.]  If Plaintiffs wanted the benefit of the loss of use of their property, they could have accepted Arch's offer three years ago, but instead forced Arch to expend significant funds defending itself in this litigation.

II.    **PLAINTIFFS ARE NOT ENTITLED TO THEIR COSTS**

As a general rule, prevailing parties are entitled to recover their costs of suit unless "a court order provides otherwise." Fed. R. Civ. P. 54.  A Court, therefore, may deny a prevailing party costs if, in its discretion, it would be inequitable to award costs.  *Association of Mexican-American Educators v. California*, 231 F.3d 572, 591-2 (9th Cir. 2000).  The Court should deny Plaintiffs their costs because of Plaintiffs' litigation misconduct.  *Id.*; *Nat'l Info. Servs. v. TRW, Inc.*, 51 F.3d 1470, 1473 (9th Cir. 1995).

Plaintiffs admit that Arch had no obligation to pay defense costs until Plaintiffs presented Arch with the invoices.  [Docket No. 124, Trial Transcript at 10:25-11:3.]  Plaintiffs nonetheless sued Arch in this matter for failing to pay those defense costs without ever providing Arch the necessary invoices until Plaintiffs produced them in discovery in this matter.  [*Id.* at 4-6.]  In addition, two of the Plaintiffs – Mission Place, LLC and Centurion Real Estate Partners, LLC – weren't even legally able to sue Arch

when they filed their complaint in this matter because their charter was suspended by the State of California in 2015 and was not reinstated until nearly a year after they filed the complaint. [Docket No. 50-5, Declaration of R. Schlesinger at 2:4-3:2.]

Plaintiffs were aware of the Heat Gain issue, the primary issue in the underlying lawsuits, well before even obtaining the relevant Arch policy. [Trial Exs. 3, 69-73.] The evidence overwhelming showed that the primary liability Plaintiffs faced in the underlying lawsuits was the Heat Gain issue, and Plaintiffs staked out that position in their own discovery responses stating that the overwhelming majority of Plaintiffs' liability in the underlying lawsuits should be allocated to Heat Gain. [Docket No. 131, Findings of Fact and Conclusions of Law ¶¶ 47-56, 58.] After the Court ruled that Heat Gain was not covered under the Arch Policy, however, Plaintiffs attempted to disclaim their own discovery responses and argued that there was no way to allocate defense costs to Heat Gain and that Arch was therefore liable for the entirety of the defense costs in the underlying lawsuits. [Docket No. 124, Trial Transcript at 121:24-122:3.] In total, Plaintiffs' actions constitute litigation misconduct that justifies denying them their costs. *See Nilssen v. Osram Sylvania, Inc.*, 528 F.3d 1352, 1356 (Fed. Cir. 2008) (plaintiff committed litigation misconduct in attempting to disavow unverified interrogatories).

## III.   ARCH IS ENTITLED TO COSTS INCURRED AFTER JANUARY 9, 2018.

On January 9, 2018, Arch made a Rule 68 offer of judgment to Plaintiffs in the amount of $490,000. [Declaration of Anthony Dutra in Support of Arch's Proposed Judgment at Ex. A.] Plaintiffs did not accept Arch's offer of judgment and obtained a less favorable judgment at trial. [*Id.* ¶ 4; Docket No. 131, Findings of Fact and Conclusions of Law ¶ 75; *see also* Trial Ex. 234 at Z000005 (describing how judgment proceeds are to be divided among the Plaintiffs).] Arch is therefore entitled to recover the costs it incurred after January 9, 2018 and will submit a bill of costs within 14 days of the judgment. Fed. R. Civ. P. 68. Arch anticipates that it will seek approximately $4,000 in post-offer costs.

## IV.   PLAINTIFFS ARE ENTITLED TO POST-JUDGMENT INTEREST AT 2.444%.

While state law controls the award of prejudgment interest in diversity cases, post-judgment interest is controlled by 28 U.S.C. § 1961. *Northrop Corp v. Triad Int'l Marketing, S.A.*, 842 F.2d 1154, 1155 (9th Cir. 1988). The rate of post-judgment interest is "equal to the weekly average 1-year constant maturity Treasury," which, based on the last 5 days' published rates, is 2.444%. 28 U.S.C. § 1961.

DATED: August 24, 2018

**FOLEY & LARDNER LLP**
Eileen R. Ridley
Nicholas P. Honkamp
Anthony J. Dutra
Kimberly A. Klinsport


*/s/ Anthony J. Dutra*
Anthony J. Dutra
FOLEY & LARDNER LLP
555 California Street, Suite 1700
San Francisco, CA 94104-1520
Telephone:  415.434.4484
Facsimile:  415.434.4507
Email:  adutra@foley.com
*Attorneys for Defendant*
*ARCH INSURANCE COMPANY*

4816-6389-5152.2